# FILED

December 17 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: AF 11-0244

# RULES FOR ADMISSION TO THE BAR OF MONTANA

I.      Application Process
II.     Commission on Character and Fitness
III.    Board of Bar Examiners and Examination Requirements
IV.     Admission by Transfer of Uniform Bar Examination Score
V.      Admission on Motion
VI.     *Pro Hac Vice* Appearance
VII.    Multistate Professional Responsibility Examination
VIII.   Montana Law Seminar
IX.     Records and Confidentiality
X.      Admission Ceremony
XI.     Administration

## I.      APPLICATION PROCESS

### A.      Administration

Admission to the State Bar of Montana is governed by the Montana Supreme Court Commission on Character and Fitness and the Montana Supreme Court Board of Bar Examiners. The State Bar of Montana Bar Admissions Administrator administers admission to the State Bar of Montana. An applicant who is aggrieved by the action of the Bar Admissions Administrator may request the action be reviewed by the Commission on Character and Fitness or the Board of Bar Examiners. A decision of the Commission may be appealed to the Montana Supreme Court.

### B.      Methods of Admission

Admission to the State Bar of Montana may be accomplished by four methods:

1.      examination as provided in Rule III;

2.      transfer of Uniform Bar Examination score from another jurisdiction as provided in Rule IV;

3.      admission on motion as provided in Rule V; and

4.      *pro hac vice* appearance as provided in Rule VI.

**C.    Classification**

The following applicants are eligible to apply for admission to the State Bar of Montana:

1.    a **student applicant**, who is an applicant who has never held a license to practice law.  At the time of taking the Montana Uniform Bar Examination, a student applicant must have a Juris Doctor from a law school accredited by the American Bar Association at the time of graduation.  An L.L.M. degree is not considered the equivalent of a Juris Doctor degree;

2.    an **attorney applicant**, who is an applicant with a Juris Doctor from a law school accredited by the American Bar Association at the time of graduation, and who is admitted to practice law in another state, district, or territory of the United States.  An L.L.M. degree is not considered the equivalent of a Juris Doctor degree; or

3.    a **resigned applicant**, who is an applicant who was previously a member of the State Bar of Montana but resigned the Bar membership.  To apply for reinstatement, resigned members shall petition the Montana Supreme Court and may be required to submit to a character and fitness investigation, supply the supporting documentation, and pay the application fee.  Unless otherwise ordered by the Montana Supreme Court, resigned members will not be required to sit for any portion of the Montana Uniform Bar Examination.

**D.    Application**

1.    Except for *pro hac vice* appearance, an applicant for admission shall prepare the application electronically using the National Conference of Bar Examiners online application.  The National Conference of Bar Examiners Application for Montana must be completed online and printed, and for those applying for admission by examination, must be postmarked by the application filing deadline.  Prior versions of the application will not be

accepted. In addition to completing the online application requirements, an applicant must mail to the Montana Bar Admissions Administrator a signed original application, the Montana Application Cover Sheet, and all documents required on the Application Checklist with the Montana application fee.

2. An applicant shall submit the supporting documents identified on the Admissions Checklist.

**E.      Multistate Professional Responsibility Examination**

Except for *pro hac vice* appearance, an applicant for admission must pass the Multistate Professional Responsibility Examination as provided in Rule VII.

**F.      Montana Law Seminar**

Except for *pro hac vice* appearance, an applicant for admission must complete the Montana Law Seminar provided in Rule VIII.

**G.      Fees**

1. The Montana Supreme Court shall set all Montana fees for bar admission.

2. Montana bar admission fees must be paid to the Montana Supreme Court Bar Admissions Administrator at the State Bar of Montana. The Montana application fee is nonrefundable and may not be credited for any reason, including but not limited to denial of admission, withdrawal of the application, or failure to pursue admission after application, regardless of the date of notification by the applicant or the Bar Admissions Administrator.

3. Fees associated with the National Conference of Bar Examiners character and fitness investigation and the Multistate Professional Responsibility Examination are separate from and in addition to Montana bar admission fees. They are set by and paid directly to the National Conference of Bar Examiners.

4. An applicant who is granted leave to file a late application shall pay an additional late filing fee. An applicant applying for deferral of examination shall pay an additional deferral fee. An applicant applying for reexamination shall pay all regular examination fees.

5. (a) An applicant for admission on motion shall pay an application fee of $2,500, which includes the Montana attorney application fee; Montana Law Seminar registration fee; and the first year's fees and assessments, including assessments for the Office of Disciplinary Counsel, Lawyers' Fund, and annual attorney license. The State Bar of Montana application fee does not include the fee for the character and fitness investigation conducted by the National Conference of Bar Examiners.

(b) The Montana attorney application fee must be waived for an applicant for admission on motion who is employed by or has secured employment with an Access to Justice Organization as defined in M. R. Civ. P. 23(i) or is seeking admission to emeritus status. The applicant must, however, pay the State Bar fees for new admittees and fees and assessments for the Montana Law Seminar registration, the Office of Disciplinary Counsel, Lawyers' Fund, and annual attorney license, as provided in (a). If the admitted applicant ceases to be employed by the qualifying employer or transfers from emeritus to active status within two years of the fee waiver, the admitted applicant shall notify the Bar Admissions Administrator and must either pay the waived fees or relinquish admission to the State Bar of Montana.

6. Attorneys admitted *pro hac vice* shall pay an application fee and continue to pay annual dues and fees each year for the term of the Montana litigation or until such time that the Bar Admissions Administrator is advised that the attorney has withdrawn from representation. However, an attorney who is appearing *pro bono*, as defined under Rule 6.1 of the Rules of Professional Conduct, may pay a one-time-only *pro hac vice* fee equal to

the amount paid annually by active members of the Montana Bar.

## II. COMMISSION ON CHARACTER AND FITNESS

### A. Composition, Nomination, and Appointment

The Commission on Character and Fitness is appointed by the Montana Supreme Court and consists of nine members, six of whom must be licensed Montana attorneys and three of whom must be lay members, nominated by either the State Bar or the Montana Supreme Court. Each member serves until a successor is appointed.

### B. Duties

The Commission on Character and Fitness:

1. processes each application for admission to the State Bar of Montana and makes a determination of the character and fitness of each applicant pursuant to the Rules of Procedure of the Commission on Character and Fitness; and

2. administers *pro hac vice* appearances.

## III. BOARD OF BAR EXAMINERS AND EXAMINATION REQUIREMENTS

### A. Composition and Appointment

The Board is appointed by the Montana Supreme Court and consists of seven members. Each member serves until a successor is appointed.

### B. Duties

The Board:

1. administers the Montana Uniform Bar Examination. The Uniform Bar Examination consists of:

    a. the Multistate Essay Examination (MEE), a three-hour essay examination consisting of questions developed by the National Conference of Bar Examiners;

b. the Multistate Performance Test (MPT), a three-hour examination consisting of two questions designed to test the applicant's ability to use fundamental lawyering skills in a realistic situation; and

c. the Multistate Bar Examination (MBE), a six-hour multiple-choice examination developed by the National Conference of Bar Examiners.

2. grades the MEE and MPT. The Board may engage the services of active members of the State Bar of Montana to augment the grading performed by members of the Board if necessary. The MBE is graded by the National Conference of Bar Examiners in accordance with its established rules and procedures;

3. determines which applicants have passed the Uniform Bar Examination as provided in the Montana Board of Bar Examiners' Rules; and

4. administers the Montana Law Seminar as provided in Rule VIII.

**C.  Admission by Examination Requirements**

All applicants by examination must:

1. be certified or conditionally certified by the Commission on Character and Fitness;

2. sit for and pass all components of the Montana Uniform Bar Examination in a single examination administration;

3. pass the Multistate Professional Responsibility Examination as provided in Rule VII; and

4. complete in-person attendance at the Montana Law Seminar as provided in Rule VIII.

**D.  Date of Examinations**

The Uniform Bar Examination is administered twice annually on the dates and in the locations directed by the Board as provided in the Montana Board of Bar Examiners' Rules.

**E.      Deadlines for Filing Applications for Examination**

The application filing deadline for the July administration of the Montana Uniform Bar Examination is March 15 preceding the administration.  The application filing deadline for the February administration is the preceding October 1.  Applications must be postmarked or hand-delivered to the Bar Admissions Administrator on or before the applicable deadline.  Late applications will not be accepted without leave from the Montana Supreme Court.  If the Montana Supreme Court grants a petition for late application, a late filing fee will be charged in addition to the application fee.

**F.      Registration**

Prior to administration of the Uniform Bar Examination, the Bar Admissions Administrator shall assign each applicant a number that will uniquely identify the applicant throughout the examination process.  The assigned identification numbers are confidential.  An identification number may not be provided to anyone other than the Bar Admissions Administrator's authorized staff prior to the Board of Bar Examiners' final pass/fail determination and report to the Montana Supreme Court.

**G.      Notification of Results**

1.      The Board of Bar Examiners shall file a report of the Uniform Bar Examination results with the Bar Admissions Administrator.  The Bar Admissions Administrator shall notify the applicants of the results by first class mail and by other means as the Board determines to be appropriate.

2.      Five days following written notification to the applicants, the Bar Admissions Administrator shall file the Board of Bar Examiners' report of the Uniform Bar Examination results with the Clerk of the Supreme Court.

3.    Upon completion of the entire examination process, including the Multistate Professional Responsibility Examination, the Bar Admissions Administrator shall notify the Clerk of the Supreme Court in writing of the names and addresses of the applicants to be admitted.

**H.    Post-Examination Review**

The Board of Bar Examiners' pass/fail decisions are final and not subject to additional substantive review once the report is filed with the Bar Admissions Administrator.   Successful applicants may not review their examination results. Access to the MEE, MPT, and MBE examinations, point sheets and/or analysis is governed by the policies set by the National Conference of Bar Examiners and the Montana Board of Bar Examiners.   In the event an unsuccessful applicant requests to review the applicant's own Uniform Bar Examination results for purposes of preparing for reexamination, the review must be scheduled within sixty days after the date of the Administrator's mailed notice of the results to applicants.

**I.    Limitation on Examinations**

An applicant who has been unsuccessful in three attempts at the Uniform Bar Examination must petition and be given permission by the Montana Supreme Court before sitting for the examination again.   The petition to the Court must include a study plan and an explanation of the steps taken and to be taken by the applicant to improve the likelihood of the applicant's successful completion of the examination.

**J.    Reexamination and Deferral**

1.    An applicant's failure to appear for examination without first requesting a deferral in writing will result in the application being dismissed.    The applicant must file a new application and pay the application filing fee for any subsequent application.

2.    An applicant who, after filing an application for admission, finds that the applicant is unable to take the examination on the prescribed date or continue with the process in a timely manner may submit to the Bar

Admissions Administrator a written request for deferral to the next examination.

3.     An applicant applying for deferral shall file an *Addendum to Application* no later than twenty days prior to the deferred examination, unless an emergency circumstance warranting the deferral occurs between the deferral filing deadline and the relevant Uniform Bar Examination administration, and the late deferral application is approved by the Bar Admissions Administrator. An applicant applying for deferral shall pay a deferral fee as provided in Rule I.G.4.

4.     An applicant applying for reexamination shall file an *Addendum to Application* no later than twenty days prior to the Uniform Bar Examination administration in which the applicant seeks reexamination. An applicant applying for reexamination shall pay all regular examination fees as provided in Rule I.G.

5.     If an applicant, after requesting a deferral or failing the examination, fails to timely file an *Addendum to Application*, the application will be dismissed by the Bar Admissions Administrator. The Administrator shall provide written notice of the dismissal to the applicant. The applicant must file a new application and pay the application filing fee for any subsequent application.

6.     After three deferrals or requests for reexamination, an applicant must submit a new application and pay the application filing fee in addition to regular examination fees provided in Rule I.G.

K.     **Transferring Scores Obtained on Earlier Examinations**

1.     Beginning with the July 2013 Montana Uniform Bar Examination, a Montana applicant's score on the Uniform Bar Examination earned in another jurisdiction may be accepted and considered valid for a period of three years from the administration of the exam in which the score was earned as provided in Rule IV. Uniform Bar Examination scores must be

certified by the National Conference of Bar Examiners to the Montana Bar Admissions Administrator with a minimum passing combined scaled score of 270. Examinees who wish to have their certified Uniform Bar Examination scores transferred to other jurisdictions must submit a request to the National Conference of Bar Examiners for an official score transcript and meet all other requirements set forth in Rule IV.

2. All components of the Uniform Bar Examination must be administered in a single exam cycle. Scores from any one component of the Uniform Bar Examination may not be transferred from another jurisdiction or carried forward to any subsequent examination. An applicant must sit for all components of the Uniform Bar Examination in the same administration to gain admission to the State Bar of Montana.

## IV. Admission by Transfer of Uniform Bar Examination Score

Beginning with the July 2013 Montana Uniform Bar Examination, a Montana applicant who has earned a Uniform Bar Examination score in another jurisdiction and who meets the qualifications of Rule I.C. and the other requirements of this Rule, may be admitted to the State Bar of Montana. The Uniform Bar Examination transfer score is considered valid and will be accepted for a period of three years from the first day of the administration of the examination in which the score was earned.

### A. Eligibility Requirements

The applicant must:

1. hold a Juris Doctor degree from a law school accredited by the American Bar Association at the time of graduation;

2. have achieved a scaled score on the Uniform Bar Examination that is equal to or greater than 270 and that was earned in not more than three administrations of the Uniform Bar Examination within the three years preceding the date of the application for admission to the State Bar of Montana. The score must be certified by the National Conference of Bar

Examiners to the Montana Bar Admissions Administrator;

3. submit evidence of a score of 80 or higher on the Multistate Professional Responsibility Examination that was earned in an administration of the Multistate Professional Responsibility Examination within three years preceding the date of the application for admission;

4. establish that the applicant is currently a member in good standing in every jurisdiction in which the applicant is admitted to practice law. If the applicant is not presently in good standing, the applicant must establish that he or she resigned in good standing or is capable of achieving good standing;

5. establish whether the applicant is the subject of any written complaints pending before a disciplinary agency in any jurisdiction and, if so, a description of the nature and status of any pending disciplinary complaints, including a copy of the complaint; and

6. establish that the applicant has been certified by the Commission on Character and Fitness to practice law in Montana.

## B. Montana Law Seminar

Before being admitted by transfer of a Uniform Bar Examination score, the applicant must complete the Montana Law Seminar as provided in Rule VIII.

## C. Process

An applicant seeking admission to the State Bar of Montana by transfer of a Uniform Bar Examination score must:

1. meet the eligibility requirements for admission in Rules I.C. and IV.A.;

2. file an application for admission by transfer of a Uniform Bar Examination score, including all required supporting documents, as provided in Rule IV.A.;

3. provide proof of in-person completion of the Montana Law Seminar as provided in Rule VIII; and

4.      pay the application fee established by the Court.


## V.      ADMISSION ON MOTION
### A.      Eligibility

An applicant who meets the requirements of this Rule may move for admission to the practice of law in Montana.  The applicant:

1.      must be a graduate of a law school formally accredited by the American Bar Association;

2.      must have been admitted by bar examination to practice law and engaged in the active practice of law for at least five of the seven years preceding application to Montana in one or more states, territories, or protectorates of the United States or the District of Columbia;

3.      may never have been denied admission to practice law in Montana or any other jurisdiction because of character or fitness deficiency;

4.      may not have taken and failed the Montana Uniform Bar Examination within the five years preceding application under this Rule;

5.      may not be or ever have been admitted to the practice of law in Montana, unless the applicant voluntarily withdrew or resigned from the bar of Montana while in good standing or practiced under *pro hac vice* admission or an order of temporary admission issued by the Montana Supreme Court;

6.      may not have been previously denied admission to practice on application or motion to practice law in Montana or any other jurisdiction unless the applicant's motion was denied for the sole reason that he or she exceeded the number of allowed *pro hac vice* admissions;

7.      may not ever have been previously engaged in the unauthorized practice of law in Montana or any other jurisdiction;

8.      must currently be a member in good standing in every jurisdiction in which the applicant is or was admitted to practice law.  If at the time of

application the applicant is not admitted to practice in a state, territory, or protectorate of the United States or the District of Columbia, the applicant shall establish that the applicant resigned in good standing. An applicant who is disbarred or suspended for any reason from the practice of law in another jurisdiction at the time of filing an application for admission on motion will not be admitted on motion;

9.  shall submit evidence of a passing scaled score on the Multistate Professional Responsibility Examination as described in Rule VII;

10.  shall establish to the satisfaction of the Commission on Character and Fitness that the applicant possesses the character and fitness to practice law in Montana; and

11.  shall submit evidence of completed in-person attendance at the Montana Law Seminar as provided in Rule VIII.

**B.  Amendment of Application**

An applicant shall promptly amend the application in the event any information on the application is incorrect or has been affected by intervening conduct or events.

**C.  Documents Required**

The applicant must furnish the following documents with the application, in addition to any other information that may be required:

1.  a copy of the certification of moral character and fitness by the Commission on Character and Fitness;

2.  a transcript authenticated by and sent from a law school formally accredited by the American Bar Association evidencing the applicant's graduation with a Juris Doctor or Bachelor of Laws and Letters degree from the law school;

3.  a certificate of admission, currently valid license to practice law, or certificate of good standing from each jurisdiction in which the applicant is admitted;

4. a letter from the grievance or disciplinary entity of each state, district, territory, protectorate, province, or foreign country in which the applicant is admitted indicating that there are no pending disciplinary complaints or charges against the applicant;

5. a certificate from the highest court in each jurisdiction relied upon by the applicant to satisfy the active practice of law durational requirements in this Rule certifying that:

a. the applicant has been admitted to engage in the active practice of law in that jurisdiction for at least five of the seven years immediately preceding the date of the certificate;

b. the applicant is in good standing in the bar of that jurisdiction and has not been disbarred or placed under disciplinary suspension, or has not resigned from that bar while under disciplinary investigation;

c. the applicant is not the subject of any pending disciplinary complaints or proceedings in that jurisdiction; and

d. if the applicant had been suspended or disbarred, that the applicant has been duly reinstated; and

6. the applicant's affidavit providing a detailed description of the applicant's active practice of law for the required durational period in each applicable jurisdiction and how the practice satisfied the active practice requirement of this Rule.

D. **Definitions**

1. "Active practice of law" means active and continuous engagement or employment in the performance of legal services and includes the following activities if performed or treated as performed while the applicant was admitted in active status:

a. representation of one or more clients in the practice of law;

b. service as a lawyer with a United States local, state,

territorial, or federal agency, including military service with any branch of the United States military;

c.      teaching at a law school formally accredited by the American Bar Association;

d.      service as a judge in a local, state, territorial, or federal court of record of the United States;

e.      service as a judicial law clerk in a local, state, territorial, or federal court of record of the United States, which service was performed after admission to practice in the jurisdiction in which the service was performed;

f.      service as in-house counsel provided to the applicant's employer or its organizational affiliates, which service was performed after admission to practice in the jurisdiction in which the service was performed;

g.      service as a lawyer in Montana pursuant to temporary admission by order of the Montana Supreme Court; or

h.      any combination of the above.

The active practice of law does not include work that, as undertaken, constituted the unauthorized practice of law in the jurisdiction in which it was performed or in the jurisdiction in which the clients receiving the unauthorized services were located.

2.      "Engagement or employment in the performance of legal services" means that during each of the required five years in the durational period, the applicant spent at least one thousand hours per year engaged in one or more of the activities listed in Rule V.D.1.

**E.      Application and Filing Fees**

An applicant seeking admission to the practice of law on motion shall comply with Rules V.A. through V.D. and shall:

1. file an application for admission on motion, including character and fitness investigation information and all required supporting documents;

2. pay an application fee as provided in Rule I.G.5, unless the fee is waived pursuant to that Rule. The application fee may not be refunded or credited for any reason, including but not limited to denial of admission, withdrawal of the application, or failure to pursue admission after application, regardless of the date of notification by the applicant or the Bar Admissions Administrator; and

3. pay all costs, including the applicant's individual costs, associated with the application or with any investigation or hearing conducted pursuant to this Rule.

## VI. *PRO HAC VICE*

**A.** Upon written application, an attorney who is not admitted to practice law in the state courts of Montana and who is at the time admitted and authorized to practice law in the highest court of another state may, with leave of the presiding court, appear *pro hac vice* in any action or proceeding, if an attorney admitted to practice in the courts of Montana is associated as attorney of record.

**B.** An attorney may not appear *pro hac vice* under this Rule if the attorney is a resident of Montana, is regularly employed in Montana, or is engaged in the practice of law or in substantial business or professional activities in Montana, unless the attorney has an application for admission pending with the Bar Admissions Administrator.

**C.** Upon an attorney or firm's second appearance *pro hac vice*, no further *pro hac vice* appearances are permitted except upon a showing of good cause. Findings of good cause to exceed the two-appearance limit are not to be routinely granted. For purposes of this Rule, "good cause" includes, by way of example only, a showing that the attorney or firm seeking to appear *pro hac vice* possesses experience or expertise not commonly available in the membership of the State

16

Bar of Montana or where the attorney or firm is acting as counsel in a multistate class action. For purposes of this Rule, only those appearances made after November 17, 1998, will be considered.

**D.** Applications for *pro hac vice* appearance must be obtained from the Bar Admissions Administrator. The application form must require that the applicant provide the following information:

1. the applicant's residence and office addresses;

2. the state and federal courts in which the applicant has been admitted to practice and the dates of admission;

3. whether the applicant is a member in good standing in those courts;

4. whether the applicant is currently suspended or disbarred in any court and, if so, a description of the circumstances under which the suspension or disbarment occurred;

5. whether the applicant is the subject of any written complaints pending before a disciplinary agency in any jurisdiction and, if so, a description of the nature and status of any pending disciplinary complaints, including a copy of the complaint;

6. an identification of all law firms with which the applicant is associated and a description of all pending *pro hac vice* appearances of the applicant's firm(s) in Montana;

7. the title of each state court and cause in which the applicant has filed an application to appear as counsel *pro hac vice*, the date of each application, and whether it was granted;

8. the name, address, and telephone number of the active member of the State Bar of Montana who is the attorney of record;

9. an affirmation that the applicant will comply with the applicable statutes, law, and procedural rules of the state of Montana; be familiar with and comply with the Montana Rules of Professional Conduct; and submit to the jurisdiction of the Montana courts, the Montana disciplinary process,

17

and the State Bar of Montana with respect to acts and omissions occurring during appearances under this Rule; and

10.  whether payment has been made in accordance with the requirements of Rule VI.E.

**E.**  The completed application, along with a fee equal to the annual amount paid by active members of the Montana Bar, must be filed with the Bar Admissions Administrator.

**F.**  The application will be reviewed by the Bar Admissions Administrator, who shall certify the number of prior appearances the applicant has been granted under Rule VI.C., whether the applicant has provided the required information, whether the applicant is in good standing in the other jurisdiction(s) where admitted, and whether Montana counsel is in good standing.

**G.**  Upon certification, the Bar Admissions Administrator shall forward the application to the appropriate court or agency.  The court or agency shall enter an order granting or refusing the application and, if the applicant is refused, the court or agency shall state its reasons.  The court or agency shall mail a copy of the order to the applicant, counsel of record, and the Bar Admissions Administrator.

**H.**  The Bar Admissions Administrator shall maintain a record of all *pro hac vice* applications as a public record.  Attorneys appearing *pro hac vice* shall notify the Bar Admissions Administrator upon conclusion of the matter in which the attorney appeared.

**I.**  An attorney appearing *pro hac vice* under this Rule is subject to the jurisdiction of the Montana courts and agencies with respect to Montana law governing the conduct of attorneys to the same extent as an attorney admitted to practice in the courts of this state.  The attorney appearing *pro hac vice* shall comply with the Montana Rules of Professional Conduct and is subject to the disciplinary jurisdiction of the Montana Supreme Court.  The court or agency in which an attorney is appearing *pro hac vice* or the Montana Supreme Court may, for violations of Montana law, the Montana Rules of Professional Conduct, Rules

18

for Admission to the Bar of Montana, or orders of the court, withdraw its permission for an attorney to appear *pro hac vice*.

**J.** Montana attorneys of record shall sign all pleadings, motions, and briefs and participate actively in all phases of the case, including, but not limited to, attendance at depositions and court or agency proceedings, preparation of discovery responses and briefs, and all other activities necessary to be prepared to go forward with the case at all times. A district court or agency, upon motion by local counsel, may waive this Rule based upon a showing of extraordinary circumstances. Upon waiver of the Rule by the district court or agency, all papers subsequently filed shall be signed by counsel actively involved in the case. Such a waiver is not to be routinely granted.

**K.** Attorneys admitted *pro hac vice* shall continue to pay annual dues and fees as provided in Rule I.G.6. while the case is pending.


**VII. The Multistate Professional Responsibility Examination**

All applicants for admission to the State Bar of Montana must pass the Multistate Professional Responsibility Examination. The Multistate Professional Responsibility Examination is offered three times a year nationwide. Registration for the Multistate Professional Responsibility Examination is through the National Conference of Bar Examiners. An applicant must obtain a Multistate Professional Responsibility Examination scaled score of 80 or higher from any testing site:

**A.** no earlier than three years prior to:

1. the first day of the administration in which the applicant sat for the Montana Uniform Bar Examination;

2. the date of the applicant's submitted application for admission on motion; or

**B.** no later than nine months after notification of:

1. successful completion of the Montana Uniform Bar Examination; or

2. eligibility for admission on motion.

A qualifying score must be certified to the Bar Admissions Administrator no later than nine months after notification of successful completion of the Montana Uniform Bar Examination or eligibility for admission on motion. The applicant is solely responsible for the certification of the applicant's Multistate Professional Responsibility Examination score to the Bar Admissions Administrator.

## VIII. MONTANA LAW SEMINAR

A.   Except for *pro hac vice* appearance, in-person completion of the Montana Law Seminar is a prerequisite for admission to the State Bar of Montana. Applicants for admission by examination or transfer of Uniform Bar Examination score may complete the Montana Law Seminar requirement during either of the two administrations prior to their taking the Uniform Bar Examination or the first two administrations after they take the Uniform Bar Examination. Applicants for admission on motion may complete the Montana Law Seminar requirement during either of the first two administrations after their application for admission. An applicant need complete the Montana Law Seminar only once.

B.   The Board of Bar Examiners sets the date and location of the Montana Law Seminar. The Board develops the content and delivery of the seminar program, which must be approved by the Montana Supreme Court. The Board may establish a two-track approach to the Montana Law Seminar, with all applicants taking the same course in the morning, then splitting the afternoon course into a litigation track and a commercial/transactional track. Limited portions of the Montana Law Seminar may be by video, recorded, or live via video link.

## IX. RECORDS AND CONFIDENTIALITY

A.   Bar admission application files are confidential. Only the Montana Supreme Court, the Bar Admissions Administrator, the Commission on Character and Fitness, and the Board of Bar Examiners may have access to information in the files, unless otherwise provided in the Character and Fitness Rules of

Procedure and the Montana Board of Bar Examiners' Rules. An applicant's bar admission application file must be maintained for at least five years from the date of the Bar Admissions Administrator's last action in the file after which, if no litigation is pending concerning the application, the file may be destroyed.

**B.** Bar examination materials are confidential. Only the Montana Supreme Court, the Bar Admissions Administrator, the National Conference of Bar Examiners, and the Board of Bar Examiners may have access to the materials, unless otherwise provided by the National Conference of Bar Examiners, and the Board of Bar Examiners' Rules. An applicant's bar examination materials must be retained for two years from the date of the Bar Admissions Administrator's last action in the file after which, if no litigation is pending, the materials must be destroyed.

## X. ADMISSION CEREMONY

**A.** The Clerk of the Montana Supreme Court shall provide written notice to the successful applicants for admission of the time, date, and place of the admission ceremony.

**B.** If an applicant does not appear for admission to the State Bar of Montana within one year after successfully meeting the requirements for admission, the applicant's application will be terminated and the applicant may be admitted only after reapplication as provided in these Rules.

**C.** Each applicant admitted to practice shall sign the roll of attorneys kept by the Clerk of the Montana Supreme Court, sign the attorney ethics oath, and recite an oath prescribed by the Montana Supreme Court.

**D.** A successful applicant may petition the Montana Supreme Court for permission to take the oath before an authorized judge in another jurisdiction. The oath also may be administered by the Clerk of the Montana Supreme Court or by any district judge in the state of Montana.

**E.**   An applicant shall pay the following fees prior to the applicant's admission:

1. State of Montana license tax;

2. State Bar of Montana fees and assessments; and

3. fees and assessments of the Office of Disciplinary Counsel and the Lawyers' Fund for Client Protection.

## XI.   ADMINISTRATION

### A.   Final Authority

The Montana Supreme Court is the final authority as to whether an applicant may be admitted to practice law in Montana.  The Court may, under circumstances it deems sufficient, waive any requirement under these Rules.

### B.   Judicial Immunity; Privileged Communication; Waiver of Privilege

All commissions, committees, boards, and their members and personnel, including personnel and employees of the State Bar of Montana, acting on behalf of the Montana Supreme Court under these Rules, have the judicial immunity the Montana Supreme Court would have if performing the same functions.  Records, statements of opinion, and other information regarding an applicant for admission to the State Bar of Montana communicated in good faith and without malice by any person or entity to any commission, committee, or board involved in the admissions process, including the person's or entity's members, employees, or agents, are privileged and the information communicated is not admissible in any lawsuit.  Waiver of the privilege, if any, is governed by Mont. R. Evid. 503.

### C.   Appointment of Bar Admissions Administrator

Subject to the approval of the Commission on Character and Fitness and the Montana Board of Bar Examiners, which approval may not be unreasonably withheld, the Executive Director of the State Bar of Montana shall appoint a Bar Admissions Administrator, who is administratively attached to the State Bar of Montana.

**D. Annual Reports to Supreme Court**

The Bar Admissions Administrator, the Dean of the Alexander Blewett III School of Law, and the chairs of the Commission on Character and Fitness and Board of Bar Examiners shall each submit an annual report to the Montana Supreme Court on bar admissions, and may submit recommendations for Rule revisions when advisable or necessary.

**E. Petitions to Clerk of Montana Supreme Court**

Except for petitions requesting permission to be sworn in before another court, the Montana Supreme Court Clerk's Office may not accept petitions concerning character and fitness, the Montana Uniform Bar Examination, or admission to the State Bar of Montana, unless the petitioner includes a certificate of service showing that a copy of the petition has been properly served upon the Bar Admissions Administrator.

## RULES OF PROCEDURE OF THE
## COMMISSION ON CHARACTER AND FITNESS
## OF THE
## SUPREME COURT OF MONTANA

*Effective January 1, 2016*

**SECTION 1:  PURPOSE**

The primary purposes of character and fitness screening before admission to the Bar of Montana are to assure the protection of the public and to safeguard the justice system.  An attorney should be one whose record of conduct justifies the trust of clients, adversaries, courts and others with respect to the professional duties owed to them.

The public is adequately protected only by a system that evaluates the character and fitness as those elements relate to the practice of law.  The public interest requires that the public be secure in its expectation that those who are admitted to the bar are worthy of the trust and confidence clients may reasonably place in their attorney.

**SECTION 2:  DEFINITIONS**

Except as otherwise indicated, the following definitions apply:

(a)     "Applicant" as used in these rules refers to any person applying or reapplying for temporary or permanent admission to practice law in Montana, including those applying for admission on motion.  This does not include those applying for admission *pro hac vice*.

(b)     "Commission" as used in these rules refers to the Commission on Character and Fitness, whose members are appointed by the Montana Supreme Court.

(c)     "Fitness" as used in these rules is the assessment of mental and emotional health and condition as it affects the competence of a prospective attorney.  The purpose of requiring an applicant to possess this fitness is to exclude from the practice of law any person having a mental or emotional illness or condition which would be likely to prevent the person from carrying out duties to clients, courts or the profession.  An applicant may be of good moral character, but may be incapacitated from proper discharge of his or her

24

duties as an attorney by such illness or condition. The fitness required is a present fitness, and prior mental or emotional illness or conditions are relevant only so far as they indicate the existence of a present lack of fitness.

(d) "Good Moral Character" as used in these rules refers to the qualities of fairness, discreetness, honesty, reasonableness, unquestionable integrity and ability, and willingness to act in accordance with the standards set forth in the Montana Rules of Professional Conduct.

(e) "Certification" as used in these rules refers to permission to sit for the Montana bar examination and/or be admitted to the practice of law in Montana.

(f) "State Bar of Montana" is the entity administratively serving the Commission, providing staff and prosecutorial support.


## SECTION 3: GENERAL POWERS

(a) Administration of Oaths. Any member of the Commission shall have power to administer oaths in relation to any matter within the functions of the Commission.

(b) Admission to the Bar. The Commission shall conditionally or unconditionally certify to the Supreme Court for admission to the Bar such applicants, and only such applicants, who possess the necessary qualifications of good moral character and fitness to practice law, as defined in these rules.

(c) Commission and Staff Judicial Immunity. In exercising its functions and powers, the Commission, its members, employees and all personnel through whom the Commission functions, including the State Bar of Montana and mentors mandated by the Commission, shall enjoy such judicial immunities as the Montana Supreme Court would enjoy if performing the same functions. The Commissioners and/or their designees shall not disclose to any third party any information obtained with respect to the character and fitness of any applicant, declarant, or conditionally certified applicant, except:

(1) upon written authority of such applicant, declarant or conditionally certified applicant;

(2)     in response to valid subpoena from a court of competent jurisdiction;

(3)     to the Montana Supreme Court, the Montana Supreme Court Commission on Practice, Office of Discipline Counsel, the Montana Board of Bar Examiners, or the Montana Lawyers Assistance Program;

(4)     upon written request from other admitting bar agencies or other bar associations when accompanied by an authorization and release duly executed by the person about whom such information is sought;

(5)     upon written request from the law school from which the applicant will graduate or has graduated; and

(6)     to the National Conference of Bar Examiners.

(d)     Subpoena Power.   The Commission chair shall have power to issue subpoenas for the attendance of witnesses or for the production of documentary evidence before the Commission or before anyone authorized to act on behalf of the Commission. The party desiring issuance of such subpoena shall apply therefor with the Commission.

(e)     Taking of Testimony.   Any member of the Commission, and any other person who has the power to administer oaths, shall have power, upon order of the Commission, to take testimony in reference to any matter within the function of the Commission.

(f)     Third-Party Privilege.   Records, statements of opinion and other information regarding an applicant for admission to the bar communicated in good faith and without malice by any entity, including any person, firm or institution, to the Commission or its members, employees or agents are privileged, and no evidence thereof is admissible in any lawsuit.   Waiver, if any, of such privilege by voluntary disclosure shall be determined under Mont. R. Evid. 503.

(g)     Fees and Expenses.  Commission members shall be entitled to actual and necessary travel and per diem compensation provided by the State Bar of Montana for its committees.  The Commission may engage professional staff through the State Bar of Montana necessary to accomplish its tasks.

(h)     Other Powers.  The Commission shall have such other powers as are set out in the Rules for Admission to the Bar of the State of Montana.  The powers set out in these rules regarding subpoenas, discovery and testimony shall be governed where applicable by the Montana Rules of Civil Procedure.

## SECTION 4:  MORAL CHARACTER & FITNESS

(a)     Every applicant for admission to the Bar of Montana shall be of good moral character and fitness.  The applicant shall have the burden of proving by clear and convincing evidence that he or she is possessed of good moral character and fitness.  No applicant shall be certified by the Commission to the Bar Admissions Administrator for examination and/or admission to the Bar of Montana unless such applicant first produces satisfactory evidence to the Commission of good moral character and an adequate knowledge of the standards and ideals of the profession and that such applicant is otherwise fit to take the oath and perform the obligations and responsibilities of an attorney.  The Commission must be convinced that prior or present conduct of the applicant of which the Commission becomes aware would cause a reasonable person to believe that such applicant would, if admitted to practice law in Montana, be willing and able to act in accordance with the standards set forth in the Montana Rules of Professional Conduct, and would act fairly, discreetly, honestly, reasonably, and with unquestionable integrity in all matters in which he or she acts as an attorney at law.  An attorney should be one whose record of conduct justifies the trust of clients, adversaries, courts, and others with respect to the professional duties owed to them.  A record manifesting a lack of honesty, trustworthiness, diligence or reliability of an applicant may constitute a basis for denial of admission.

(b)     Evidence of any of the following will be treated by the Commission as cause for further inquiry before the Commission decides whether the applicant possesses the character and fitness to practice law:

1.      Unlawful conduct;

2.      Academic misconduct;

3. Making or procuring any false or misleading statements or omissions of relevant information, including any false or misleading statement or omission in the Application for Admission to the Bar of Montana, or in any testimony or sworn statement submitted to the Commission;

4. Misconduct in employment;

5. Acts involving dishonesty, fraud, deceit or misrepresentation;

6. Abuse of legal process;

7. Neglect of financial responsibilities;

8. Neglect of professional obligations;

9. Violation of an order of the court;

10. Current mental or emotional illness or disorder;

11. Drug or alcohol dependency;

12. Denial of admission to the bar in another jurisdiction on character and fitness grounds;

13. Disciplinary action by a lawyer disciplinary agency or other professional disciplinary agency of any jurisdiction; and

14. Any other conduct which reflects adversely upon the character or fitness of the applicant.

(c) In making the determination on character and fitness of each applicant, the following factors shall be considered in assigning weight and significance to prior conduct of the applicant:

1. The applicant's age at the time of the conduct;

2. The recency of the conduct;

3. The reliability of the information concerning the conduct;

4. The seriousness of the conduct;

5. The factors underlying the conduct;

6. The cumulative effect of the conduct or information;

7. The evidence of rehabilitation;

8. The applicant's positive social contributions since the conduct;

9.      The applicant's candor in the admission process; and

10.     The materiality of any omissions or misrepresentations.

(d)     An applicant may, by written request to the Commission on Character and Fitness, withdraw an Application for Admission at any time. However, in such event the Commission may continue its investigative and adjudicatory functions to conclusion. Failure on the part of the applicant to provide requested information and/or documentation within a reasonable amount of time may result in denial of certification for examination and/or admission.

(e)     Alternatively, an applicant may, by written request, withdraw with prejudice an application for admission to the Bar of Montana. The Commission shall accept the withdrawal with prejudice and shall immediately dismiss its investigative and adjudicatory functions. An applicant who files a withdrawal with prejudice shall be permanently barred from filing a subsequent application for admission to the Bar of Montana.

(f)     An applicant who has been disbarred from the practice of law in another jurisdiction shall not be eligible to apply for admission to the Bar of Montana for a period of five (5) years from the date of disbarment. The applicant must also submit written proof of compliance with the terms and conditions of his or her disbarment or proof of good standing from the state in which he or she was disbarred.

(g)     An applicant who has been suspended from the practice of law in another jurisdiction shall not be eligible to apply for admission to the Bar of Montana until expiration of the period of suspension and until the applicant has submitted written proof of compliance with the terms of the suspension.

(h)     An applicant who resigned from the practice of law in another jurisdiction in lieu of discipline or in lieu of cooperating with the disciplinary process shall not be eligible to apply for admission to the Bar of Montana for a period of five (5) years from the date of resignation.

(i)     An applicant who initiated the admissions process in another jurisdiction, but was denied admission or withdrew from the process prior to a final determination on

admission in that jurisdiction shall not be eligible to apply for admission to the Bar of Montana until the original jurisdiction has made a final determination on the applicant's admissibility in that jurisdiction, unless the Commission grants a waiver for good cause shown.

(j)     An applicant found guilty of a felony is conclusively presumed not to have present good moral character and fitness.  The presumption ceases upon completion of the sentence and/or period of probation.

(k)     There shall be a rebuttable presumption that nondisclosure of a material fact on the application is prima facie evidence of the lack of good character.  The presumption shall be the same whether the nondisclosure is discovered prior or subsequent to the applicant's admission to the bar.  The presumption may be rebutted by clear and convincing evidence of mistake or of rehabilitation and current good character.

## SECTION 5:     INVESTIGATION, HEARING, & CONDITIONAL CERTIFICATION PROCESS

(a)     Initial Investigation.  Every applicant's moral character and fitness to practice law shall be investigated by the Bar Admissions Administrator and the National Conference of Bar Examiners.

1.     Any concerns the Bar Admissions Administrator has will be referred to a subcommittee of two (2) members of the Commission for further investigation.

2.     In every such investigation, the Bar Admissions Administrator or the State Bar of Montana may obtain such information as bears upon the character, fitness and general qualifications of the applicant and administer oaths and affirmations, and compel by subpoena the attendance of witnesses and the production of books, papers, and documents.  Any member of the Commission may administer such oaths and affirmations and have all other powers as set forth under Section 3.

30

3. Objection to any applicant may be made by any person by filing with the Commission a sworn statement setting forth the basis for the objection. This statement will be made available to the applicant.

4. The subcommittee may require sworn taped interviews with an applicant to clarify information in the application, to determine eligibility for admission or to facilitate the investigation.

(b) Post Investigation. Following its investigation, the Bar Admissions Administrator or the State Bar of Montana shall recommend to the Commission that an applicant be granted certification; granted conditional certification subject to probationary terms as specified by the subcommittee; or denied certification.

1. In the event the subcommittee recommends denial of certification for examination and/or admission, written notice shall be served upon the applicant advising the applicant as to the matters which, if proven, would preclude a favorable finding by the Commission.

2. If such notice is served upon an applicant, the applicant shall file an answer to the notice within twenty (20) days from receipt of the notice. If an applicant fails to file an answer to the notice within such time or within any extension of time allowed by the Commission, the matters shall be deemed admitted and the Commission shall enter findings of fact, and appropriate conclusions of law, which may include a recommendation that the applicant not be admitted to the State Bar of Montana.

3. In the event the subcommittee does not agree upon a recommendation, the full Commission will decide whether to certify, conditionally certify or deny certification for examination and/or admission. Such decision will be by a majority vote of the full Commission.

(c) Hearing. In the event the applicant is denied certification, the Commission shall notify the applicant in writing of the specific reasons for denial. The applicant shall have thirty (30) days from receipt of the decision to file a written request for hearing. The hearing panel shall consist of the remaining members of the Commission not

31

participating in the investigation of the applicant. A majority of the hearing panel shall make the final decision.

1. The Commission shall notify the applicant in writing of the date, time, and place of such hearing and of the applicant's right to be represented by counsel at the hearing, to examine and cross-examine witnesses, to adduce evidence bearing on the aforesaid adverse matters and upon the applicant's moral character and general fitness to practice law and, for such purposes, to make reasonable use of the Commission's subpoena powers.

2. If the applicant files a written request for hearing, the applicant must supply a list of witnesses, including addresses and phone numbers, and all supporting documentation including evidence, affidavits, exhibits, etc., he or she feels is necessary to support his or her certification at least ten (10) days prior to the hearing. The applicant must supply the original and nine (9) copies of all such materials to the Commission's office, 7 West Sixth Avenue, Suite 2B, P.O. Box 577, Helena, MT 59624.

3. The hearings before the Commission shall be open unless the applicant requests that they be private and the panel chair rules that the applicant's individual privacy requires that the meeting be closed. In making this determination, the panel chair must find that the demands of individual privacy clearly exceed the merits of public disclosure.

4. The burden of proof shall be on the applicant to establish by clear and convincing evidence that the applicant is possessed of good moral character and general fitness to practice law.

5. Rules of Evidence need not be observed. The Commission may, in its discretion, take evidence in other than testimonial form, having the right to rely upon records and other materials furnished to the Commission in response to its request for assistance in its inquiries. The Commission may, in its further discretion, determine whether evidence to be taken in testimonial form shall be taken in person at the hearing or upon deposition,

but all testimonial evidence shall in either event be taken under oath. A complete stenographic record of the hearing shall be kept, and a transcript may be ordered by the applicant at the applicant's own expense.

6.   The Commission on Character and Fitness shall, when denying admission, issue written findings of fact, conclusions of law, and decision concerning the applicant's character and fitness to practice law.

(d)   Conditional Certification.

1.   The subcommittee or a majority of the remaining members of the full Commission may conditionally certify the applicant for examination and/or admission. The subcommittee and Commission may require specific probationary terms for admission, including, but not limited to, requiring alcohol or drug treatment, requiring medical care, requiring psychological or psychiatric care, requiring professional office practice or management counseling, requiring enrollment with a consumer credit counseling service, requiring practice supervision, requiring notice to the Commission on Character and Fitness if a complaint against the applicant is filed by the Commission on Practice and/or Office of Disciplinary Counsel, and requiring professional audits or reports. The Commission may require persons to supervise the probation and may recommend that cooperation with such supervisors be a probationary term. The Commission may require a specific duration for such probationary terms.

2.   If the applicant refuses the subcommittee's final terms of the conditional admission, the character and fitness process will proceed as if the subcommittee had recommended denial as provided under Section 5(b)(1) of these Rules.

(e)   Failure to Comply with Stipulation. Upon failure to comply with the terms and conditions of the conditional certification stipulation, the Commission may:

33

1. Request evidence of compliance with the stipulation be submitted to the Commission within ten (10) days following the date of the request.

2. In the event there is continued non-compliance with the stipulation, the Commission may convene a show cause hearing at the request of the applicant applying the provisions of Section 5(c) of these Rules. Prior to completion of the conditional admission period, the Commission may conclude that violation of any probationary terms may be grounds to withdraw certification for admission and examination. After completion of the conditional admission, the Commission may conclude that violation of any probationary terms for admission may be grounds for recommendation by the Commission to the Montana Supreme Court that applicant's certification to practice law be revoked and that the applicant's admission to the State Bar of Montana immediately be revoked.

## SECTION 6: SUPREME COURT REVIEW

(a) The findings of fact, conclusions of law, and final decision of the Commission shall be conclusive unless a verified Petition for Review shall be filed by the applicant with the Montana Supreme Court within thirty (30) days following service upon the applicant of the findings, conclusions, and decision in the manner provided by these rules. A copy of the Petition for Review shall also be filed with the Commission. Within thirty (30) days of receipt of said Petition, the Commission shall transmit the entire record to the Clerk of the Supreme Court and a response to the Petition fully advising the Court as to the Commission's reasons for its decision, and admitting or contesting any assertions made by the applicant in said Petition.

(b) Any interlocutory order of the Commission shall be subject to review as provided by Rule 17 of the Montana Rules of Appellate Procedure.

(c) To the extent practicable, an appeal by an applicant for admission to the practice of law from a final decision of the Commission shall be governed by the rules set forth in the Montana Rules of Appellate Procedure.

(d)     If the applicant is, was, or has applied to be licensed to practice law in another jurisdiction, the Commission may provide such jurisdiction(s) with a copy of their findings of fact, conclusions of law, and final decision without prior approval from the applicant.

## SECTION 7:  REAPPLICATION

Except as otherwise specified within these rules, an applicant denied certification may reapply for admission no earlier than four (4) years from the date of the final decision.  "Final decision" refers to the last decision made:  by the Supreme Court if the matter has been appealed, or by the Commission if it has not been appealed.  The applicant must be able to demonstrate, by clear and convincing evidence, rehabilitation and current fitness to practice law.

# MONTANA SUPREME COURT BOARD OF BAR EXAMINERS' RULES

## Rule 101 – Board of Bar Examiners.

A. **Contact with Board of Bar Examiners**. All correspondence or other communications to the members of the Board of Bar Examiners must be directed to the Bar Admissions Administrator, State Bar of Montana, P.O. Box 577, Helena, MT 59624, phone (406) 442-7660. Applicants may not contact Board members directly, unless given prior approval by the Bar Admissions Administrator.

B. **Public Request.** Upon request, the Bar Admissions Administrator or the Administrator's designee may confirm that an individual has filed an application for admission to the State Bar of Montana.

## Rule 102 – Bar Examination Content, Certification, and Dates.

A. **Examination Composition.** The Uniform Bar Examination is prepared and coordinated by the National Conference of Bar Examiners and comprises the Multistate Essay Examination (MEE), two Multistate Performance Test tasks (MPT), and the Multistate Bar Examination (MBE). It is uniformly administered, graded, and scored by user jurisdictions and results in a portable score subject to individual jurisdiction admission requirements. Applicants must sit for all components in the same administration to earn a Uniform Bar Examination score. Scores from any one component of the Uniform Bar Examination may not be carried forward to any subsequent examination. An applicant must sit for all components of the Uniform Bar Examination in the same administration to gain admission to the State Bar of Montana.

B. **Certification.** An applicant may not sit for the Montana Uniform Bar Examination unless the applicant has been duly certified or conditionally certified by the Commission on Character and Fitness.

C. **Dates of Examination.** The Uniform Bar Examination is administered over two days. The MBE is given annually on the last Wednesdays of February and July, and the MEE and MPT are given on the preceding Tuesdays. Unless otherwise directed by the Board, the February examinations are administered in Helena, Montana, and the July examinations are administered in Missoula, Montana. The examination facility is determined by the Board.

D. **Montana Law Seminar.** All applicants must attend a Montana Law Seminar (MLS) as a prerequisite to admission to the State Bar of Montana. The seminar is

held twice annually on the Thursday immediately following the administration of the Uniform Bar Examination or other date directed by the Board.

The Board may establish a two-track approach to the MLS with all applicants taking the same course in one session and splitting the other session into litigation and commercial/transactional tracks. Limited portions of the MLS may be by video, recorded, or live via video link.

## Rule 103 – Examination, Administration, and Grading.

A. **Attendance at Examination.** An applicant may not be admitted to a Uniform Bar Examination session more than one-half hour after the session begins. An applicant who is admitted after an examination session begins may not receive extra time and the examination session will conclude as scheduled.

B. **MEE and MPT Grading.** Each examination paper produced by an applicant on the MEE and MPT is separately graded. Examination papers are graded and credited by applicant number and not by applicant name.

C. **Score Combining.** MBE answer sheets are scanned and centrally scored by the National Conference of Bar Examiners. MEE and MPT answers are graded on a scale of zero to six, with six being the highest qualifying score and zero being the lowest possible score. All scores are converted to the 400 Uniform Bar Examination point scale and combined with the MBE scaled scores. MEE and MPT scores are scaled to the MBE, with the MBE weighted 50%, the MEE 30%, and the MPT 20%.

An applicant with a combined scaled score of 270 or higher will be deemed to have passed the Montana Uniform Bar Examination.

D. **Disruption During Examination.** Should a serious disruption occur during any portion of a Uniform Bar Examination session, the Bar Admissions Administrator or proctors must record the incident on the proctor and irregularity report forms and the Board will be notified. If examination time is lost by the general examination population due to the disruption, a corresponding amount of time will be added to the end of the same examination session, if reasonably feasible.

E. **Individual Emergencies During Examination.** If during the course of Uniform Bar Examination administration an applicant has a sudden and unexpected emergency not of the applicant's making and the Bar Admissions Administrator has approved the applicant's departure or other inability to complete the examination, the departure will be treated as a deferral and the fees will transfer to

the next examination.  The Bar Admissions Administrator will record the incident on the proctor and irregularity report forms and the Board will be notified.

## Rule 104 – Testing Accommodations.

A.   **Application Deadline for Testing Accommodations.**  An applicant who claims a disability and who seeks an accommodation to sit for the Uniform Bar Examination shall submit a request for the accommodation with supporting evidence by the application filing deadline for the relevant Uniform Bar Examination administration unless the disability occurs between the application filing deadline and the relevant Uniform Bar Examination administration.

B.   **Consideration of Testing Accommodation Requests.**   Requests for testing accommodation are considered on a case-by-case basis.   To qualify for accommodation, the requesting applicant must submit evidence sufficient to satisfy the Board or its designee that:

1.   the applicant is otherwise qualified to sit for the Uniform Bar Examination;
2.   the applicant suffers from a disability;
3.   the disability limits the applicant's ability to demonstrate, under standard testing conditions, that the applicant possesses the knowledge, skills, and abilities tested on the Uniform Bar Examination;
4.   the disability is permanent or long-term;
5.   the disability has a current substantial impact on the applicant.  A mere submission of a medical diagnosis of impairment is insufficient to qualify the applicant for accommodation; and
6.   the requested accommodation must address only a disability the law recognizes and must be tailored to address the disability as it relates to the Uniform Bar Examination testing conditions.   The requested accommodation may not give the applicant an advantage over other applicants, but must permit the applicant to perform "on a level playing field" with other applicants.

Requests for accommodations will be considered by the Board or its designee based on the information submitted by the applicant and other information as may be reasonably available to the Board.  Taking into account the resources available to it, the Board may, but is not required to, seek the assistance of experts on the particular request for accommodation.

The Board may require the applicant to provide additional information relating to the claimed physical or mental impairment and prior testing accommodations received, and may require the applicant to submit to examination by a qualified professional designated by the Board in connection with the applicant's requested testing accommodation.

**C.**   **Appeal of Board Decision.**   The Board's decision on whether to grant the requested accommodation or to offer an alternative accommodation is final.  An applicant may petition for relief from the Board's decision by petitioning the Montana Supreme Court.

**D.**   **Subsequent Accommodation Requests.**

Applicants who retake the Uniform Bar Examination shall submit "Form 1: Applicant Request for Test Accommodations" each time they apply for the Uniform Bar Examination, even if they previously requested and were granted accommodations by the Board.  It is not necessary to resubmit supporting evidence that was submitted with a previous request if the applicant sat for the Uniform Bar Examination within the preceding three years and:
     (1) is requesting the same accommodation that was previously granted; and
     (2) has had no material changes in the physical or mental impairment for which the previous accommodation was granted.  New supporting evidence is required if there is any change in the requested accommodation.  An update to prior medical evidence assessing the applicant's current functional limitations and ongoing need for accommodation is required if the nature of the applicant's impairment changes.  The Board may require an update to prior evidence in all cases in which it determines that the prior evidence is insufficient to establish the applicant's current level of impairment and need for accommodation.

**E.**   **Definitions.**

1.   "Accommodation" means an adjustment to or modification of the Uniform Bar Examination testing conditions that addresses the functional limitations related to the applicant's disability without:

a.   fundamentally altering the nature of the Uniform Bar Examination or the Board's ability to determine through examination whether the applicant possesses the necessary knowledge, skills, and abilities to pass the Uniform Bar Examination;

b.   imposing an undue burden on the Board;

c.   compromising the security of the Uniform Bar Examination; or

d.   compromising the validity of the Uniform Bar Examination.

2.   "Disability" means a disability under the Americans with Disabilities Act of 1990 (ADA), which defines a person with a disability as a person with a

physical or mental impairment that substantially limits one or more major life activity that is of central importance to daily life.

3. "Qualified professional" means a licensed physician, psychiatrist, or other health care provider who has comprehensive training in the field related to the applicant's disability.

4. "Substantially limits one or more major life activity" means the physical or mental impairment prevents or severely restricts the applicant from performing or engaging in activities that are of central importance to most persons' daily lives.

## Rule 105 – Rules of Conduct.

A. **Examination Rules of Conduct.** An applicant shall abide by all rules and instructions governing the administration of all portions of the Uniform Bar Examination. An applicant MAY NOT:

1. falsify the application or proofs required for admission to the Uniform Bar Examination;

2. utilize any unauthorized notes, books, recordings, electronically retrievable data, or other unauthorized materials while taking the examination. The only items permitted in the examination room are those that have been approved by the Board: (a) computers specifically configured for use of computer-based testing, such as Exam Soft; or (b) blue books issued by the test proctors and approved writing tools. Any item that may provide the applicant with information or access to information other than the applicant's own knowledge is prohibited, including but not limited to notes, cell phones, backpacks, purses, wallets, cameras, electronic or wireless devices, or timing devices. The Board may prohibit any item not specifically referenced at any time, including at the examination session. Possession of a prohibited item in the examination may be treated as a cheating incident, and examination proctors are authorized to confiscate any unauthorized item.

3. use answers or information from other applicants while taking the examination;

4. provide answers or information to other applicants taking the examination;

5.  read questions on the examination prior to the announcement to begin the examination;

6.  continue to answer any question after the announcement to stop when the session has ended;

7.  remove any multiple-choice, machine-scored examination question from the examination room, or otherwise communicate the substance of any of those questions to others, including applicants or persons who are employed by or associated with bar review courses;

8.  remove any essay questions, scrap paper, or other materials from the examination room, or otherwise communicate the substance of any of those questions to others, including applicants or persons who are employed by or associated with bar review courses;

9.  compromise the security or the integrity of the Uniform Bar Examination; or

10. disregard any instruction given by the Bar Admissions Administrator during the course of the examination or cause generalized disruption of the examination.

B.  It is the Board's policy that the Uniform Bar Examination administration and related conduct of a Montana Bar applicant be beyond reproach. Applicants are at all times to maintain a professional attitude toward other applicants, proctors, and other examination personnel. Conduct that constitutes a violation of these Rules, the Rules for Admission, or any rules or instructions provided by examination personnel may result in immediate disqualification to sit for and in ejection from the examination. Cheating or taking any action that disrupts or compromises the security or integrity of the Uniform Bar Examination may result in immediate disqualification to sit for and in ejection from the examination.

## Rule 106 – Impoundment, Investigation, and Appeal.

A.  **Impoundment of Examination Results**. If the Board or the Bar Admissions Administrator has cause to believe an applicant has violated any of the rules of conduct set forth above, the applicant's bar examination papers and results may be impounded pending investigation by the Board.

**B.** **Investigation by the Board of Bar Examiners Subcommittee.**

1. The Bar Admissions Administrator shall refer any concern regarding violation of the Rules of Conduct to a subcommittee of two members of the Board for further investigation. In such investigation, the Bar Admissions Administrator or the subcommittee may obtain information that relates to the applicant's conduct, administer oaths and affirmations, and compel by subpoena the attendance of witnesses and the production of books, papers, and documents. The subcommittee may require sworn taped interviews with an applicant to clarify information or to facilitate the investigation.

2. If it appears to the subcommittee that there is credible evidence that would establish an applicant's violation of any rule of conduct, the Bar Admissions Administrator shall serve written notice on the applicant by certified mail stating with particularity the facts upon which the alleged violation is based.

3. The applicant shall file a verified answer with the Bar Admissions Administrator within thirty days of service of the notice. The answer must identify with specificity the alleged violations disputed by the applicant and set forth any evidence that can contradict the charges. The applicant may request a hearing before the Board of Bar Examiners. The applicant shall supply an original and seven copies of all materials to the Board's office.

4. In the event the applicant does not submit a written answer as provided in Rule 106 B.3., the Board shall deem the facts set forth in the written charges to be established. The charges shall become part of a permanent file of the Commission on Character and Fitness. The applicant may not reapply for admission for at least three years from the date the Board confirms the violation.

5. If an applicant files an answer but does not request a hearing, the Board Chair shall appoint a committee made up of Board members other than the two members assigned to investigate the claimed violation. The committee must consist of no fewer than three and no more than 5 members. If there is an insufficient number of Board members available for appointment, the Chair may appoint a member of the State Bar of Montana in good standing to sit as a member of the committee. The committee shall review the evidence gathered by the Bar Admissions Administrator, the two-member subcommittee, together with the submission received from the applicant, and render a final decision by a majority vote of its members.

**C.    Hearing.**

    1.      If the applicant requests a hearing, the hearing panel must consist of a majority of the members of the Board who did not serve on the subcommittee appointed by the Bar Admissions Administrator. A majority of the hearing panel shall make the final decision.

    2.      The Board shall notify the applicant in writing of the date, time, and place of the hearing and of the applicant's right to be represented by counsel at the hearing, to examine and cross-examine witnesses, and to present evidence.

    3.      The applicant shall supply a list of witnesses, including addresses and phone numbers, and all supporting documentation including any evidence, affidavits, and exhibits the applicant determines are necessary to support the applicant's position at least ten days prior to the hearing. The applicant shall supply an original and seven (7) copies of all materials to the Board's office.

    4.      The hearings before the Board must be open to the public unless the applicant requests that they be private and the panel chair finds that the demands of the applicant's individual privacy clearly exceed the merits of public disclosure and rules that the hearing be closed.

    5.      The Rules of Evidence need not be observed. The Board may take evidence in other than testimonial form and rely upon records and other materials furnished to the Board in response to its investigation. The Board may determine whether evidence to be taken in testimonial form will be taken in person at the hearing or upon deposition, but in either event all testimonial evidence must be taken under oath. The Board shall maintain a complete record of the hearing.

    6.      The hearing panel shall determine by a preponderence of the evidence whether the applicant violated the examination rules of conduct.

**D.    Findings and Decision.**

1.      The Board shall issue a written decision which shall be served upon the applicant by certified mail and reported to the Commission on Character and Fitness.

2.      In its decision the Board may take one or more of the following actions:

> a. void the results of the examination taken;
>
> b. transmit a written report of the matter to bar admission authorities in any jurisdiction;
>
> c. take such other action as the Board deems appropriate.

**E. Supreme Court Review.**

1. The final decision of the Board is conclusive unless a verified Petition for Review is filed by the applicant with the Montana Supreme Court within thirty days following service of the decision upon the applicant. The record of the hearing before the Board must be transcribed at the applicant's expense and provided to the Court. A copy of the Petition for Review and the hearing transcript must also be served upon the Board.

2. Within thirty days of receipt of the Petition, the Board shall transmit the entire record to the Clerk of the Supreme Court with a response to the Petition fully advising the Court as to the Board's reasons for its decision, and admitting or contesting any assertions made by the applicant in the Petition.